IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN MICHAEL CREDICO : CIVIL ACTION
:
v. :
:
ALLIED SECURITY HOLDINGS, LLC, et al.: NO. 13-4684

MEMORANDUM

SÁNCHEZ, J. NOVEMBER 14th, 2013

Plaintiff has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against security companies that provide security at the Exton Square Mall and employees of the security companies, a police detective, the West Whiteland Township Police Department and Chester County. He is alleging that he was threatened by a security guard at the mall, and banned from the mall until October of 2012. He is also alleging that Detective Peczik contacted Chester County Adult Probation officials to request that plaintiff's probation be revoked because plaintiff sent him an email message that contained a bible verse.

As plaintiff is proceeding in forma pauperis, the Court must dismiss his complaint if, among other things, it fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). That standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

The complaint in this case draws various legal conclusions. However, "legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" do not state a claim for relief. Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). The factual matter recited in the complaint simply does not give rise to a plausible claim against any of the defendants. See Smith v. Wilkes Barre Police Officer Badge No. 667, 517 F. App'x 63, 65 (3d Cir. 2013) (per curiam) (using "judicial common sense" to conclude that the complaint "[did] not state a plausible claim for relief" (citing Iqbal, 556 U.S. at 679)). As the Court cannot discern a viable claim against any of the named defendants based on plaintiff's allegations, he will not be given leave to file an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.